HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WESLEY G. ALLEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AII ACQUISITION, LLC, et al.,<br><br>　　　　Defendants. | CASE NO. C14-5132 RBL<br><br>ORDER GRANTING EMERGENCY MOTION TO REMAND<br><br>[DKT. #4] |

THIS MATTER is before the Court on Plaintiff Allen's Emergency Motion to Remand [Dkt. #4] This asbestos litigation was removed by Defendant AII on February 14, five days before it was schedule d to go to trial in Pierce County Superior Court. [Dkt. #1] The removal was triggered by Allen's settlement with the last remaining non-diverse party, Gensco. AII learned of the settlement on February 12. Gensco has not been formally dismissed.

AII's Removal Notice is based on its interpretation of 28 U.S.C. §1446(b), and on opinions it claims hold that the formal dismissal of the non-diverse party is not required. Instead, it claims, the right to remove is triggered when the defendant learns that "the plaintiff no longer intends to proceed" against the non-diverse defendant.

1    Allen claims that the removal was improper and was done only to deprive him of his

2 February 19 trial date.  Allen is terminally ill with stage IV adenocarcinoma.  He claims that the

3 removal is tactical and not done in good faith.

4    AII cites *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 695-96 (9th Cir. 2005) for

5 the proposition that removal is timely when filed after the remaining defendant received a letter

6 from plaintiff's counsel suggesting that he was not proceeding against a resident defendant who

7 had not been served or dismissed.  But that case dealt with a defendant who had never been

8 served, not one who litigated to the eve of trial and then settled.  The court held that removal was

9 timely within thirty days of learning that the claims against the un-served defendant had been

10 "effectively abandoned."

11    It is not possible to say that on the record that Allen's claims have been abandoned—the

12 terms of the settlement, its performance, and the court's continuing jurisdiction over the parties

13 in the event of a dispute are all unknown.

14    AII also cites a Texas case, *Martineau v. ARCO Chemical Co*., 25 F.Supp.2d 762, 765

15 (S.D. Tex 1998), involving a more analogous situation.  It claims that "The Fifth Circuit

16 expressly has rejected the argument that as a matter of federal law, a formal and final dismissal

17 under state law is required." *Citing Vasquez v Alto Bonita Gravel Plan Corp*., 56 F.3d 689 (5th

18 Cir 1995).  But *Martineau* held that the "filing of an enforceable settlement" under Texas State

19 Court Rule 11 effectively eliminated the non-diverse party for remand purposes.   There is no

20 similar Washington Rule at play in this case, and, as noted above, the terms and enforceability of

21 the settlement are not known.

22    In this Court's view, the better rule is the one cited by Allen:

23    A party whose presence in the action would destroy diversity must be dropped
     formally, as a matter of record, to permit removal to federal court.

24

*See* 14B, Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE §3723 (4th Ed.).

Under *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998) and numerous other authorities, the party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. The removal statute is strictly construed against removal jurisdiction. The strong presumption against removal jurisdiction mans that the defendant always has the burden of establishing removal is proper. *Conrad*, 994 F. Supp. at 1198. It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.* at 566.

Gensco has not been formally dismissed or eliminated for purposes of this Court's jurisdiction in the face of a Motion to Remand. The Motion is GRANTED and this case is REMANDED to the Pierce County Superior Court.

Plaintiffs'' Motion for costs and attorneys' fees is DENIED.

The Clerk shall send uncertified copies of this Order to all parties and to the clerk of the Pierce County Superior Court.

IT IS SO ORDERED.

Dated this 18th day of February, 2014.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE